Submitted December 30, 2020, affirmed September 15, 2021

DANIEL BRET GARGES,
*Plaintiff-Appellant,*

*v.*

Troy BOWSER,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
15CV26965; A172745

498 P3d 341

Eva J. Temple, Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dashiell L. Farewell, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this habeas case, the trial court granted habeas relief to plaintiff, ordering particular medical treatment with respect to plaintiff's right knee injuries. The court retained jurisdiction "for the purpose of ensuring compliance with the terms of the judgment in Plaintiff's favor." This appeal arises out of the court's post-judgment order denying plaintiff's post-judgment emergency motion seeking to enforce compliance with the habeas judgment and holding defendant and defendant's counsel in contempt, an order that is appealable under ORS 19.205(3).

On appeal, plaintiff contends that the trial court erred when it determined that defendant's failure to seek a second medical opinion as to whether defendant required anterior cruciate ligament (ACL) surgery did not violate the conditions of its original habeas judgment. In particular, plaintiff asserts that the trial court's order is predicated on an erroneous factual finding: that Dr. Carpenter did not recommend that plaintiff receive a second opinion regarding the need for ACL surgery. Plaintiff contends that the record, instead, shows that Carpenter *did* recommend that plaintiff be evaluated by a second doctor. Thus, according to plaintiff, the habeas judgment required defendant to follow that recommendation.

We agree with plaintiff that the trial court's finding that Carpenter *did not* recommend a second opinion is not supported by the record. That is because Carpenter's recommendation, even when viewed in the context of other evidence in the record, is too cryptic to permit a reasonable factfinder to determine what, exactly, his recommendation was.

Here is what Carpenter wrote in the key medical record:

"I have an opinion that an anterior cruciate ligament will probably not be profoundly successful in this gentleman. However, I no longer do anterior cruciate ligaments, so I am recommending that the department send him to an anterior cruciate ligament surgeon of their choice. We will see him back on a p.r.n. basis."

Although we have considered the rest of the record seeking further clarity, nothing in it allows for anything but speculation as to what Carpenter was getting at with that recommendation. On this record, it is just a guess as to whether Carpenter was recommending a second opinion, as plaintiff argues, or, instead, communicating that should defendant authorize the surgery, someone else would have to perform it, as defendant argues.

Notwithstanding the trial court's unsupported finding that Carpenter *did not* recommend a second opinion, we affirm. Because the record also would not allow for an affirmative finding that Carpenter *did* recommend a second opinion, it would not allow for the trial court to conclude that the failure to obtain a second opinion violated its initial order granting habeas relief. Simply put, to demonstrate that the department acted in a manner contrary to Carpenter's advice, plaintiff needed to further develop the evidence as to what, exactly, that advice was, either by calling Carpenter as a witness, deposing him, obtaining an affidavit from him, or otherwise seeking clarification. Our affirmance should not be interpreted to preclude plaintiff's ability to seek further relief from the trial court—which, as noted, has retained jurisdiction to ensure compliance with its order—should Carpenter clarify his opinion.

Affirmed.